MANN, Judge.
The City of Tampa was one of several defendants in actions brought by the admin-istratrix and widow of John D. Lyles, who was killed as a result of the explosion of gas which, over a period of six hours, leaked out of a pipe struck by an automobile outside the restaurant of other defendants where it had been installed, plaintiffs say, in such a way that damage to it, consequent leaks and explosions were foreseeable. The complaints were dismissed as to the city on authority of Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70.
Plaintiffs contend on appeal that a duty was owed Lyles in this case which the City of Miami Beach was held not to owe Mrs. Modlin because Lyles, an employee of Greens Fuel of Florida Corp., was called to handle the emergency caused by the leaking gas. We need not reach this question. There is in the amended complaints no allegation that the installation failed to comply with the building code or that proper compliance with the legislative act of the city was overlooked by the inspector. If the city has failed in its duty we must assume, on these pleadings, that it is a failure of legislative judgment in allowing an exposed gas pipe, and the complaint falls short of the requirements set forth in Mr. Justice Thornal’s opinion in Hargrove v. Town of Cocoa Beach, Fla.1957, 96 So.2d 130, 60 A.L.R.2d 1193, which Mr. Justice O’Connell’s opinion in Modlin amplified to the extent of showing that enforcement, as distinguished from enactment, of building codes is an executive function which might give rise to liability under the doctrine respondeat superior if the negligent agent is liable.
It is worth noting that the amended complaints charge negligence of the city acting through its agent Greens Fuel of Florida Corp., Lyles’ employer. It is conceivable that Lyles himself was the employee of Greens Fuel who made the initial inspection under his employer’s contract with the city. Certainly one of its employees did. The failure to allege that the building code was violated by the installation determines the case before we reach the ramifications of this intriguing circumstance.
Affirmed.
LILES, C. J., concurs.
McNULTY, J., concurs in conclusion only.